Filed 06/30/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01070

---

**Jamie Comstock v. Wright & Morrissey Inc., et al**

---

## ENTRY REGARDING MOTION

Title:      Motion for Summary Judgment; Memorandum in Support of Motion for Summary Judgment; Memorandum in Opposition; Reply (UniFirst) (Motion: 9)

Filer:      Matthew S. Borick; Christopher J. Mcveigh; Matthew S. Borick

Filed Date:      April 24, 2026; May 26, 2026; June 09, 2026

Plaintiff Jamie Comstock tripped and fell at work. She works at a bank then undergoing floor retiling. She brought this case against the general contractor, defendant Wright & Morrissey, Inc. ("W&M"),[1] and defendant UniFirst Corp. ("UniFirst"), the bank's floor mat contractor.

UniFirst has moved for summary judgment (Mot. 9). Comstock opposes. Both parties have counsel.

For the reasons set forth below, the court GRANTS UniFirst's motion for summary judgment (Mot. 9).

### I. Undisputed Facts[2]

Comstock fell at work on Mar. 20, 2021. She worked at a bank in Burlington undergoing floor retiling by W&M and its subcontractor, New England Floor Covering, Inc. ("NEFC"). At the time of her fall, Comstock was carrying a metal cash drawer while walking through the retiling area. She could not see her feet when she stepped on a floor mat over uneven tiling. She rolled her ankle and fell. UniFirst's Stmt. ¶¶ 1-11; Comstock's Stmt. ¶¶ 1-11.

At the time of Comstock's fall, UniFirst had a contract with the bank to supply floor mats. UniFirst had delivered mats to the bank around the time of Comstock's injury on Feb. 23, 2021 and Mar. 23, 2021. UniFirst's Stmt. ¶¶ 13-14, 17-19; Comstock's Stmt. ¶¶ 13-14, 17-19.

UniFirst did not control the area where Comstock fell. UniFirst Stmt. ¶ 6; Comstock Stmt. ¶ 6.

---

[1] W&M impleaded its tiling subcontractor, third-party defendant New England Floor Covering, Inc. ("NEFC"), not involved in the pending motion.

[2] The court focuses on the undisputed facts most relevant to the pending motion under the applicable legal standard. See § II *infra*.

Comstock does not know if UniFirst placed the mat on which she fell. She does not remember seeing UniFirst delivering mats around the time of her fall. She does not know of anyone who saw the mat being placed where she fell. She had seen bank employees and others moving mats. UniFirst's Stmt. ¶¶ 20-24; Comstock's Stmt. ¶¶ 20-24.

UniFirst's contract requires it to place mats flat. By practice, UniFirst places mats where customers indicate. UniFirst trains its employees to refrain from placing mats in unsafe or hazardous conditions like construction and instead leave clean mats rolled up and standing for customers to install themselves. UniFirst's Stmt. ¶¶ 15-16; Comstock's Stmt. ¶¶ 15-16.

## II. <u>Discussion</u>

"Summary judgment is appropriate only where, accepting the allegations of the nonmoving party as true, there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 9, 197 Vt. 176 (quotation omitted); *see* V.R.C.P. 56(a). "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue, and it is able to demonstrate sufficient evidence to support a prima facie case." *Kelly v. Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 15, 216 Vt. 445 (quotation omitted). Courts "resolve all reasonable doubts and inferences . . . in favor of the nonmoving party," *id.* (citation omitted), and will deny the motion where the nonmoving party offers "specific facts that would justify submitting [its] claims to a factfinder." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e)(2).

> Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact.

*Ross v. Times Mirror, Inc.*, 164 Vt. 13, 18 (1995) (internal quotations and citation omitted).

> [T]hat party may not rest on mere allegations, but must come forward with evidence that raises a dispute as to the facts in issue. . . . []It must come forward with evidence sufficient to meet its burden of proof on that issue. The evidence must be admissible. . . . [O]nly facts that can affect the outcome of the litigation are material. Thus, only a dispute as to those facts will foreclose summary judgment.

*Clifford v. Livak*, No. 596-11-17 RDCV, 2019 WL 13172494, at *1 (Vt. Super. Feb. 01, 2019) (Hoar, J.) (citations omitted).

> To survive summary judgment, the non-movant

2

bears the burden of producing evidence sufficient for a reasonable jury to conclude that the defendant's negligent action or omission caused the plaintiff harm. "Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is an insufficient foundation for a verdict," and thus where the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to [summary] judgment.

*Bernasconi v. City of Barre*, 2019 VT 6, ¶ 11, 209 Vt. 419, 423 (affirming summary judgment) (citations omitted).

In response to UniFirst's motion, Comstock has only offered its responsive statement as evidence. The parties agree UniFirst did not control the area where she fell. UniFirst Stmt. ¶ 6; Comstock Stmt. ¶ 6.

Absence of ownership or control is a defense in a negligence case such as this. "Ordinarily a person who is not the owner and is not in control of property is not liable for negligence with respect to such property." The moving party "satisfies his legal burden when he presents 'at least one legally sufficient defense that would bar plaintiff's claim.' "

*Crosby v. Great Atl. & Pac. Tea Co.*, 143 Vt. 537, 538 (1983) (per curiam) (citations omitted). "[U]nless the area where the accident occurs is under the control of the defendant at the time of the accident, a plaintiff cannot make out a cause of action in negligence against the defendant, because there is no proof that the defendant owes the plaintiff any duty of care." *Grann v. Green Mountain Racing Corp.*, 150 Vt. 232, 234 (1988). This court concludes as a matter of law that UniFirst merits summary judgment under the circumstances of this case. *Crosby*, 143 Vt. at 539 (affirming summary judgment where no dispute existed that defendant did not own or control area where plaintiffs fell).

The doctrine of res ipsa loquitur does not help Comstock preserve her claim against UniFirst. *See* Comstock Opp. at 5 (asserting otherwise). As both parties note, that doctrine requires that the mat "at the time of the occurrence [to] have been under the defendant's control and management in such a way that there can be no serious question concerning the defendant's responsibility for the misadventure of the [mat]." *Marsigli v. C. W. Averill Co.*, 123 Vt. 234, 236 (1962) (quoting *McDonnell v. Montgomery Ward*, 121 Vt. 221, 226-27 (1959)) (internal quotations omitted). Comstock Opp. at 5; UniFirst Rep. at 6.

The undisputed evidence shows that UniFirst delivered mats to Comstock's employer in the weeks before and after her fall. Comstock does not know if UniFirst placed the mat on which she fell. She does not remember seeing UniFirst delivering mats around the time of her fall. She does not know of anyone who saw the mat being placed where she fell. She had seen bank employees and others moving mats. UniFirst's Stmt. ¶¶ 20-24; Comstock's Stmt. ¶¶ 20-24.

Comstock has the burden of proof. She may not rely on "conjecture, surmise or suspicion" to defeat summary judgment. *Bernasconi*, 2019 VT 6, ¶ 11. Comstock offered

3

nothing to refute UniFirst's evidence that it trained its employees to leave clean mats rolled up for its customers to install in hazardous areas like construction involved in this case. UniFirst's Stmt. ¶¶ 15-16; Comstock's Stmt. ¶¶ 15-16. Her disagreement with the inference that UniFirst followed its training here does not suffice. *Clifford*, 2019 WL 13172494 at *1 (noting a "party may not rest on mere allegations").

The court concludes that UniFirst has met its burden to show an absence of evidence supporting Comstock's case. Comstock has not persuaded the court that there exists a triable issue of fact. See *Ross*, 164 Vt. at 18. She has not "come forward with evidence sufficient to meet [her] burden of proof on that issue." *Clifford*, 2019 WL 13172494 at *1. Comstock Stmt. ¶ 16.

### III. Order

For the reasons set forth above, the court GRANTS UniFirst's motion for summary judgment (Mot. 9).

Electronically signed pursuant to V.R.E.F. 9(d) on June 29, 2026.

Colin Owyang
Superior Court Judge